## Albert Buck, Administrator, Appellee, v. O. W. Rosenthal, Appellant.

### Gen. No. 19,980.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 26, 1915. Rehearing denied May 10, 1915.

## Statement of the Case.

Action by Albert Buck, administrator of the estate of August Bockelman, deceased, against O. W. Rosenthal to recover damages for the negligence of the defendant in causing the death of the said August Bockelman, an employee of the defendant, in sending him into the basement of a saloon to work, which the defendant, the plaintiff charges, knew or ought to have known in the exercise of reasonable care was an unsafe place to work. The defendant, a contracting carpenter, contracted to lower the floor above the basement. A great deal of material was piled on the floor at the time it fell. A contracting mosaic worker placed the material on the floor. The foreman of the defendant knew this.

Trial before a jury. Judgment for the plaintiff and defendant brings error.

Winston, Payne, Strawn & Shaw and Charles J. O'Connor, for appellant; John D. Black and Edward W. Everett, of counsel.

Darrow & Baily, for appellee.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Trial, § 246*—*when verdict in favor of codefendant not inconsistent.* In an action for the death of an employee of a contracting carpenter, caused by the collapse of a floor, and another contractor who was charged with overloading the floor, a verdict in favor of the latter is not inconsistent with a verdict against the former, who was charged with directing the decedent to work in a place, which in the exercise of reasonable care he should have known was unsafe.

2. Master and servant, § 170*—*when notice to foreman of defect binding on master.* Notice to a foreman in charge of work, of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

P. Rielly & Son v. National Parlor Furn. Co., 192 Ill. App. 395.

the unsafety of the place in which an employee was at work, is notice to the master.

3.  MASTER AND SERVANT, § 155*—*when plaintiff need not show that third person was negligent in overloading floor.* In an action for the death of an employee of a contracting carpenter, caused by the collapse of a floor, which it was charged was overloaded by another defendant, to sustain a verdict against the former it is not necessary that plaintiff show that the latter negligently overloaded the floor, it being sufficient to show that the floor was overloaded and that the former, decedent's employer, had knowledge of that fact.

4.  MASTER AND SERVANT, § 710*—*when negligence question for jury.* In an action against a contracting carpenter for the death of his employee, caused by the collapse of a floor, which it was charged had been overloaded by another contractor, whether defendant knew or in the exercise of reasonable care should have known that the floor was unsafe and dangerous when he directed decedent to work underneath it was a question for the jury.

5.  TRIAL, § 215*—*when rights to be determined as of time of making motion for directed verdict.* Where a defendant moves for a directed verdict and offers no evidence, his rights must be determined as they existed when the motion was made, notwithstanding another joint defendant subsequently offers evidence in his own behalf.